UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE HURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00100-PLC |
| | ) | |
| D.C. BOARD OF PAROLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Tyrone Hurt for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action on the basis of improper venue.

### The Complaint

Plaintiff is a pro se litigant who currently resides in the District of Columbia. (Docket No. 1 at 2). He brings this civil action against the District of Columbia Board of Probation and Parole, and the United States Parole Commission. Both defendants are located in the district of Columbia. He asserts that the Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1330-1332, 42 U.S.C. § 1975, 18 U.S.C. § 3006A, and the Fourth and Eighth Amendments to the United States Constitution. (Docket No. 1 at 3).

Plaintiff's brief "Statement of Claim" is only partially legible and does contain any factual allegations against the named defendants. (Docket No. 1 at 5). Instead, plaintiff refers to the

attached exhibits, and references an "original complaint" which he states "has yet to be docketed in this honorable court."

Attached to the complaint are the following documents: (1) a letter to plaintiff from the District of Columbia Court Services and Offender Supervision Agency, directing him to report to his supervision officer; (2) a copy of the business card of a community supervision officer; (3) two pages of a dismissal order from the United States District Court for the Southern District of New York, dismissing an action filed by plaintiff in that venue; (4) a letter to plaintiff from the District of Columbia Court Services and Offender Supervision Agency, directing him to undergo a substance abuse spot test; (5) a medical assessment report; and (6) a printout from a website describing the history and function of the U.S. Parole Commission. (Docket No. 1-1).

Plaintiff seeks all relief mentioned in his "original civil action complaint." (Docket No. 1 at 5).

**Discussion**

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

Plaintiff has not alleged any basis for venue being proper in this Court. Plaintiff resides in the District of Columbia. Both defendants also reside in the District of Columbia. Moreover, there

is absolutely no indication that any part of the events or omissions giving rise to this claim occurred in the Eastern District of Missouri. In short, none of the requirements of § 1391 are present in this case. Therefore, venue in the Eastern District of Missouri is not proper.

As noted above, if venue is improper, the Court may either dismiss the action or, if it is in the interest of justice, transfer the case to the district in which it could have been brought. Here, it is not in the interest of justice to transfer this case to the District of Columbia.

Review of plaintiff's federal court filings indicate that he has filed hundreds of cases in district courts across the United States. *See Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (W.D. Ky. March 22, 2017) (noting that instant case was "not the first time Hurt has brought in this Court a disjointed complaint with no connection to this jurisdiction, and, in fact, Hurt has a pattern of doing so in courts across the country"); and *Hurt v. D.C. Board of Parole, et al.*, No. 1:13-cv-5365-LAP (S.D.N.Y. Oct. 11, 2013) (noting that plaintiff has "filed hundreds of lawsuits around the country that [have] been dismissed as frivolous"). Plaintiff's propensity for filing multiple, frivolous lawsuits has subjected him to prefiling injunctions in numerous federal courts. *See Hurt v. Nat'l Museum of African-American History & Culture*, No. 5:17-cv-97-H (E.D.N.C. May 30, 2017) (collecting cases). Indeed, plaintiff has been barred from proceeding in forma pauperis in the United States District Court for the District of Columbia. *Hurt v. United States*, No. 1:19-cv-2785-UNA (D.D.C. Oct. 8, 2019). He has also been barred from proceeding in forma pauperis on appeal in the United States Court of Appeals for the District of Columbia Circuit. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008) (per curiam).

Here, venue is proper in the United States District Court for the District of Columbia. However, as discussed above, plaintiff is barred from filing an action in forma pauperis in that

district. As such, transfer of this case to the District of Columbia would be pointless. Therefore, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of proper venue. *See* 28 U.S.C. § 1406(a). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of February, 2020.

    _____
    JOHN A. ROSS
    UNITED STATES DISTRICT JUDGE